| UNITED STATES BANKRUPTCY COURT<br>District of Alaska | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Anchor Point Energy, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>7946 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>601 W. 5th Avenue, Suite 310<br>Anchorage, AK<br>ZIP CODE 99501 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Municipality of Anchorage, AK | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>1001 Louisiana, Ste. 3100<br>Houston, TX<br>ZIP CODE 77002 | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>See Schedule 1 attached.  ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☑ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☑ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☑ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Anchor Point Energy, LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)     (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Anchor Point Energy, LLC |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X *[signature]*<br>Signature of Attorney for Debtor(s)<br>Timothy A. ("Tad") Davidson II<br>Printed Name of Attorney for Debtor(s)<br>Andrews Kurth LLP<br>Firm Name<br>600 Travis, Suite 4200<br>Houston, TX 77002<br>Address<br>(713) 220-3810<br>Telephone Number<br>10/01/2015<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *[signature]*<br>Signature of Authorized Individual<br>Carl F. Giesler, Jr.<br>Printed Name of Authorized Individual<br>Chief Executive Officer<br>Title of Authorized Individual<br>10/01/2015<br>Date | _____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# SCHEDULE 1 TO VOLUNTARY PETITION
## ANCHOR POINT ENERGY, LLC

A. The debtor's estimated number of creditors, estimated assets, and estimated liabilities are listed on a consolidated basis based upon the unaudited consolidated balance sheets of the Debtors (as defined below) as of January 31, 2015.

B. All Other Names Used by the Debtor in the last 8 years (including trade names):

   None.

C. Locations of Principal Assets of Business of Debtors (on a consolidated basis):

   Municipality of Anchorage, Alaska and other locations throughout the State of Alaska;
   Harris County, Texas;
   Knox County, Tennessee;
   Scott County, Tennessee; and
   Morgan County, Tennessee

D. Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

   On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

   1. Miller Energy Resources, Inc.;
   2. Miller Drilling, TN LLC;
   3. Miller Energy Services, LLC;
   4. Miller Energy GP, LLC;
   5. Miller Rig & Equipment, LLC;
   6. Cook Inlet Energy, LLC;[1]
   7. East Tennessee Consultants, Inc.;
   8. East Tennessee Consultants II, L.L.C.;
   9. Anchor Point Energy, LLC;
   10. Savant Alaska, LLC; and
   11. Nutaaq Operating LLC.

---

[1] On August 6, 2015, an involuntary petition was filed against Cook Inlet Energy, LLC, Case No. 15-00236, in the United States Bankruptcy Court for the District of Alaska (Judge Spraker).

HOU:3551963.3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Anchor Point Energy, LLC, | § | Joint Administration Requested |
| | § | |
| Debtor. | § | Case No.: |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

Following is a consolidated list of unsecured creditors holding the 30 largest unsecured claims against (i) Miller Energy Resources, Inc.; (ii) Miller Drilling, TN LLC; (iii) Miller Energy Services, LLC; (iv) Miller Energy GP, LLC; (v) Miller Rig & Equipment, LLC; (vi) Cook Inlet Energy, LLC; (vii) East Tennessee Consultants, Inc.; (viii) East Tennessee Consultants II, L.L.C.; (ix) Anchor Point Energy, LLC; (x) Savant Alaska, LLC; and (xi) Nutaaq Operating LLC. (collectively, the "Debtors"), as of approximately October 1, 2015. The list has been prepared on a consolidated basis, based upon the current records of the Debtors that have contemporaneously commenced chapter 11 cases in this Court. Related entities may be listed in a consolidated basis on this chart. In setting forth the approximate amount of each claim, the Debtors may have used estimates for market values for securities and currencies and related company offsets. Certain accuracy, and values listed herein may vary substantially from fair value.

The Debtors have not yet identified which of the 30 largest unsecured creditors, if any, are contingent, unliquidated, disputed and/or subject to setoff. The Debtors reserve all rights with respect to the creditors listed on this schedule, including the right to identify any of them as contingent, unliquidated, disputed and/or subject to setoff, as appropriate. The amounts are based on the Debtors' records at the time this schedule was filed. The Debtors may continue to reconcile the amount on this schedule, and accordingly, neither the Debtors nor their professionals can guaranty that such numbers are accurate at this time. The information presented in this list shall not constitute an admission by, nor is it binding on, the Debtors.

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

HOU:3551963.3

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or department of Creditor Familiar with Claim Who May Be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | Cudd Pressure Controls, Inc. | Cudd Pressure Control Inc. PO Box 910283 Dallas, TX 75391 | Trade Debt | Disputed | $1,888,766 |
| 2 | Baker Hughes Business Support Services | Baker Hughes Business Support Services P.O. Box 301057 Dallas, TX 75303 | Trade Debt | | $1,550,541 |
| 3 | Cruz Construction, Inc. | Cruz Construction, Inc. 7000 East Palmer-Wasilla Hwy Palmer, AK 99645 | Trade Debt | Disputed | $1,098,266 |
| 4 | Inlet Drilling Alaska Inc. | Inlet Drilling Alaska Inc. 210 North Willow Street Kenai, AK 99611 | Trade Debt | | $949,013 |
| 5 | Schlumberger Technology Corp. | Schlumberger Technology Corp. P.O. Box 201556 Houston, TX 77216 | Trade Debt | | $745,641 |
| 6 | ExxonMobil Oil Corporation | ExxonMobil Corporation P.O. Box 951449 Dallas, TX 75395-1449 | Trade Debt | | $625,933 |
| 7 | AIX Energy | AIX Energy 2441 High Timbers Drive Suite 120 The Woodlands, TX 77380 | Trade Debt | | $600,000 |

HOU:3551963.3

| | | | | | |
|---|---|---|---|---|---|
| 8 | DLA Piper LLP US | DLA Piper LLP US P.O. Box 75190 Baltimore, MD 21275 | Trade Debt | | $552,744 |
| 9 | Vetco Gray, Inc. | Vetco Gray, Inc. PO Box 841017 Dallas, TX 75284 | Trade Debt | | $511,310 |
| 10 | Alaska West Express | Alaska West Express P.O. Box 34026 Seattle, WA 98124 | Trade Debt | | $508,896 |
| 11 | Patterson-UTI Drilling Company LLC | Patterson-UTI Drilling Company LLC 1660 Wynkoop St. Denver, CO 80202 | Trade Debt | | $491,259 |
| 12 | M-I LLC | M-I LLC P.O. Box 732135 Dallas, TX 75373 | Trade Debt | | $486,430 |
| 13 | KPMG LLP | KPMG LLP Dept. 0608 P.O. Box 12001 Dallas, TX 75312-0608 | Trade Debt | | $448,000 |
| 14 | National Oilwell Varco L.P. | National Oilwell Varco L.P. P.O. Box 201202 Dallas, TX 75320 | Trade Debt | | $443,360 |
| 15 | DNOW, LP | DNOW, LP P.O. Box 200822 Dallas, TX 75320 | Trade Debt | | $411,478 |
| 16 | ASRC Energy Services | ASRC Energy Services Project 5145 PO Box 241562 Anchorage, AK 99524-1562 | Trade Debt | | $398,798 |
| 17 | Cruz Marine, LLC | Cruz Construction, Inc. 7000 East Palmer-Wasilla Hwy Palmer, AK 99645 | Trade Debt | | $372,562 |

HOU:3551963.3

| 18 | Tubular Solutions Alaska, Inc. | Tubular Solutions Alaska, Inc. 310 K Street, Suite #402 Anchorage, AK 99501 | Trade Debt | | $350,737 |
|---|---|---|---|---|---|
| 19 | Vinson & Elkins LLP | Vinson & Elkins LLP 1001 Fannin Street Suite 2500 Houston, TX 77002 | Trade Debt | | $329,376 |
| 20 | Halliburton Energy Services, Inc. | Halliburton Energy Services, Inc. P.O. Box 301341 Dallas, TX 75303 | Trade Debt | | $317,027 |
| 21 | Udelhoven Oilfield System Services, Inc. | Udelhoven Oilfield System Services, Inc. 184 E. 53rd Avenue Anchorage, AK 99518 | Trade Debt | | $310,992 |
| 22 | Production Testing Services, Inc. | Production Testing Services, Inc. 6911 Signal Dr. Houston, TX 77041-2718 | Trade Debt | | $292,001 |
| 23 | Carol L. Inman | Carol L. Inman P.O. Box 50 Anchor Point, AK 99556 | Trade Debt | | $288,395 |
| 24 | All American Oilfield Associates LLC | All American Oilfield Associates LLC 14896 Kenai Spur Hwy, Ste. 203 Kenai, AK 99611 | Trade Debt | | $276,781 |
| 25 | Weatherford U.S., Holdings, LLC | Weatherford U.S., Holdings, LLC P.O. Box 301003 Dallas, TX 75303-1003 | Trade Debt | | $257,351 |
| 26 | Pollard Wireline Inc. | Pollard Wireline Inc. P.O. Box 1360 Kenai, AK 99611 | Trade Debt | | $256,352 |
| 27 | National Oilwell DHT, L.P. | National Oilwell DHT, L.P. P.O. Box 201224 Dallas, TX 75320 | Trade Debt | | $203,315 |

HOU:3551963.3

| 28 | Simpson Thacher & Bartlett LLP | Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017 | Trade Debt | | $200,107 |
|---|---|---|---|---|---|
| 29 | Quest Integrity USA, LLC | Quest Integrity USA, LLC<br>PO Box 847778<br>Dallas TX 75284 | Trade Debt | | $171,900 |
| 30 | Korn/Ferry International | Korn/Ferry International<br>PO Box 1450<br>Minneapolis, MN 55485 | Trade Debt | | $157,936 |

HOU:3551963.3

## DECLARATION REGARDING CONSOLIDATED LIST OF
## CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, Carl F. Giesler, Jr., Chief Executive Officer of Miller Energy Resources, Inc., declare under penalty of perjury that I have reviewed the foregoing "Consolidated List of Creditors Holding 30 Largest Unsecured Claims" and that it is true and correct to the best of my knowledge, information, and belief.

Date: October 1, 2015         By: _____
                                  Carl F. Giesler, Jr.
                                  Chief Executive Officer
                                  Miller Energy Resources, Inc.


*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Anchor Point Energy, LLC, | § | Joint Administration Requested |
| | § | |
| Debtor. | § | Case No.: |

## STATEMENT OF CORPORATE OWNERSHIP

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1007-1, the following is the list of entities that own ten percent or more of debtor Anchor Point Energy, LLC:

- Cook Inlet Energy, LLC

I, Carl F. Giesler, Jr., Chief Executive Officer of Miller Energy Resources, Inc., sole member and manager of Cook Inlet Energy, LLC—Anchor Point Energy, LLC's Manager, declare under penalty of perjury that I have reviewed the foregoing "Corporate Ownership Statement" and that it is true and correct to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Date: October 1, 2015     By:     Miller Energy Resources, Inc., sole member and manager
                                    of Cook Inlet Energy LLC, its Manager

                          By: _____
                                    Carl F. Giesler, Jr.
                                    Chief Executive Officer

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

HOU:3551963.3

# ACTION BY WRITTEN CONSENT OF THE

# SOLE MANAGER OF ANCHOR POINT ENERGY, LLC

**September 30, 2015**

The undersigned, acting pursuant to applicable statutory and other legal requirements for Anchor Point Energy, LLC, an Alaskan limited liability company (the "Company"), is sole manager (the "Manager") of and thereby constitutes all of the directors, members or applicable representatives (the "Requisite Group") required by applicable law and the Company's organizational documents (the "Applicable Requirements") to act for the Company, and the undersigned, acting in accordance with the authority contained in the Applicable Requirements, waiving all notice, does hereby consent to and adopt the resolutions set forth on Exhibit A attached hereto and authorizes the taking of the actions specified therein without a meeting, by written consent (this "Written Consent") by the Company, and all such authorizations of actions by the Company hereunder shall include actions taken by the Company on behalf of itself and (if applicable) as a shareholder, member, managing member, manager, general partner, trustee, beneficiary, other controlling or significant interest owner, or other type of representative whether similar to, or different from, the foregoing with the power, alone or together with other such representatives, to take action on behalf of, or to bind, another person.

IN WITNESS WHEREOF, the undersigned have executed this consent effective as of the date first written above.

By:     Cook Inlet Energy, LLC, its Manager

By:     Miller Energy Resources, Inc., its
         Sole Member and Manager

By:_____
     Carl F. Giesler, Jr.
     Chief Executive Officer

HOU:3551122.5

**EXHIBIT A**

**RESOLUTIONS ADOPTED BY THE SOLE MANAGER OF**

**ANCHOR POINT ENERGY, LLC**

**September 30, 2015**

**Chapter 11 Filings**

WHEREAS, the Board of Directors of Miller Energy Resources, Inc. ("Miller") has deemed it advisable and in the best interests of Miller and certain of its subsidiaries (the "Subsidiaries"), including Anchor Point Energy, LLC, an Alaskan limited liability company (the "Company") and their respective creditors, shareholders and employees, that Miller and the Company file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT RESOLVED, as follows:

RESOLVED, that the law firm of Andrews Kurth LLP be engaged as bankruptcy counsel for the Company, under a general retainer, in the Chapter 11 Case (the "Chapter 11 Case"), subject to any requisite bankruptcy court approval; and further

RESOLVED, that the investment bank and financial advisory firm of Seaport Global Securities be engaged as transaction and restructuring advisors for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that each of Miller's Chief Executive Officer and Chief Financial Officer (each an "Authorized Officer") be, and hereby is, authorized and empowered, for and in the name and on behalf of the Company, to engage and employ, or cause the Company to engage and employ, a claims, balloting, and notice agent of the Authorized Officer's choice for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the appointment on and prior to the date of this resolution by the duly appointed officers of Miller of such law firms, consultants or companies, as have been necessary and appropriate to act as ordinary course, special and/or conflicts counsel for the Company, under a general retainer, to assist the Company in the Chapter 11 Case and to perform other tasks related to the Company's Chapter 11 Case is hereby ratified and affirmed; and further

RESOLVED, that, unless and until the Restructuring Committee of Miller's Board of Directors (the "Restructuring Committee) shall elect to modify this grant of authority, the Authorized Officers, and any employees or agents (including counsel) designated by or directed by the Authorized Officers, be, and hereby are, authorized and empowered, for and in the name of and behalf of the Company, to execute, verify, and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals which have been retained by the Company as of the date of this resolution or as may be approved by the

Restructuring Committee from time to time, and to perform any and all further acts and deeds such Authorized Officer deems necessary, proper or desirable in connection with the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case; and further

RESOLVED, that unless and until the Restructuring Committee shall elect to modify this grant of authority, in connection with the commencement of the Chapter 11 Case by the Company, the Authorized Officers be, and hereby are authorized and empowered for and in the name and on behalf of the Company, to negotiate, execute and deliver a cash collateral stipulation on the terms and conditions such Authorized Officer considers necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments for and in the name and on behalf on behalf of the Company; and further

RESOLVED, that, it is desirable and in the best interests of the Company and the interests of the Company's creditors, shareholders and employees, and other interested parties, that an Authorized Officer files a petition for and in the name and on behalf of the Company and each Subsidiary seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and further,

RESOLVED, the Authorized Officers, and any employees or agents (including counsel) designated by or directed by the Authorized Officers, be, and they hereby are authorized and empowered, for and in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certifications or other documents, institute adversary proceedings, and to take such other actions, as in the judgment of such officer shall be or become necessary, proper and desirable in connection with the filing of the Chapter 11 Case, including without limitation the filing of emergency motions in connection with the commencement of the Chapter 11 Case necessary, proper or desirable in administering the Chapter 11 Case and allowing for the Company to continue to operate during its pendency, including motions related to (i) case procedures, (ii) joint administration of the Chapter 11 Case, (iii) extensions of the deadlines in which to file schedules, statements of financial affairs and lists of equity holders, (iv) obtaining permission to file a consolidated creditors matrix and implement certain notice procedures, (v) providing adequate assurance of utility payments, (vi) providing for the payment of insurance premiums, (vii) allowing for the payment of royalties, (viii) allowing for the payment of non-royalty lease obligations, (ix) allowing for the continued payment of wages and provision of benefits to employees, (x) allowing for the maintenance of the Company's and the Subsidiaries' existing bank accounts, (xi) entering into the DIP Agreement (defined below) and the use of cash collateral (xii) retaining the services of Andrews Kurth, David H. Bundy, Seaport Global Securities and an official claims, noticing and ballot clerk during the Chapter 11 Case.

RESOLVED, that, acting on behalf of the Company, it is desirable and in the best interests of the Company and the interests of the Company's creditors, shareholders and employees, and other interested parties, that an Authorized Officer files a petition for and in the name and on behalf of the Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code;

3

HOU:3551122.5

**Debtor-in-Possession Financing**

WHEREAS, Miller proposes to enter into a debtor-in-possession credit agreement (the "DIP Agreement") by and among Miller, as borrower, certain Subsidiaries, including the Company, as guarantors, Apollo Investment Corporation, as administrative agent ("Agent"), and other lenders named therein, as lenders (the "DIP Lenders"), consistent with the terms set forth in term sheet (the "DIP Term Sheet") negotiated by the Company with the Agent and DIP Lenders; and

WHEREAS, the DIP Agreement will provide Miller and the Company a senior secured super-priority debtor-in-possession revolving credit facility that would permit borrowings of not more than $20 million outstanding at any one time (the "Financing"); and

WHEREAS, Miller, as borrower, desires to obtain the Financing to fund (a) general working capital and operating costs and expenses (including, without limitation, the costs of administering the Chapter 11 Cases of Miller and the Subsidiaries including the Company) of Miller and the Company, (b) fees of professional advisors to Miller and the Company, and (c) all fees charged by the Agent and DIP Lenders (the "DIP Fees") in connection with the Financing, subject to the all conditions to be set forth in the DIP Agreement, and subject to approval by the bankruptcy court; and

WHEREAS, in connection with the Financing and pursuant to the DIP Agreement, Miller's Subsidiaries, including the Company, may be required to enter into a Guaranty (the "Guaranty") in favor of the Agent (for the benefit of the Secured Parties, as defined therein), to guarantee all the indebtedness under the DIP Agreement; and

WHEREAS, in connection with the Financing, Miller and one or more Subsidiaries (as applicable), including the Company, may be required to pledge and grant a first priority lien and security interest to Agent (on behalf of the Secured Parties, as defined therein) in certain of their respective assets, including without limitation cash, cash equivalents, accounts, deposit accounts, inventory, equipment, general intangibles, certain investment property, equity interests in the Subsidiaries, fixtures, guaranties, swap contract payments, insurance benefits, and warranties (the "Collateral"), pursuant to the terms and conditions of the Financing Documents (as defined below); and

WHEREAS, the Manager deems it advisable and in the best interests of the Company and the interests of the Company's creditors, shareholders and employees, and other interested parties (as applicable) to (a) enter into the DIP Agreement as a guarantor and certain additional financing agreements and agreements constituting exhibits to the DIP Agreement and certain other agreements, documents, guaranties, promissory notes, certificates, control agreements, security agreements, pledge agreements, instruments of pledge, assignments, assignments of earnings, assignments of insurance, financing statements, designations, transfers, endorsements, and related instruments and documents (collectively with the DIP Agreement, Guaranties and such other agreements and certificates, instruments and other documents, the "Financing Documents"), (b) guaranty the obligations of Miller with respect to the Financing, (c) effect the Financing and other transactions contemplated thereby, and (d) until such time as the

4

Restructuring Committee shall modify this grant of authority, authorize the Authorized Officers to take any and all action as such Authorized Officer may deem appropriate to effect and carry out the Financing and any other transactions contemplated by the DIP Agreement and the other Financing Documents to which the Company is a party, subject to approval by the bankruptcy court;

NOW THEREFORE, BE IT RESOLVED, that the guaranty by the Company with respect to the Financing, and any transactions contemplated thereby, effected pursuant to the terms of the DIP Agreement and the other Financing Documents, to the extent not materially inconsistent with the DIP Term Sheet, are hereby in all respects approved, adopted, ratified and confirmed; and further

RESOLVED, that until such time as the Restructuring Committee shall modify this grant of authority, the Authorized Officers be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company and without the joinder of any other person or entity, to effect the Financing, and any transactions contemplated thereby (including the pledge of collateral), to the extent not materially inconsistent with the DIP Term Sheet, pursuant to the DIP Agreement and the other Financing Documents; and further

RESOLVED, that, until such time as the Restructuring Committee shall modify this grant of authority, the Authorized Officers be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company and without the joinder of any other person or entity, to pledge, grant a security interest in and lien upon and assign, endorse, negotiate, deliver, or otherwise hypothecate or transfer to Agent, any and all Collateral now or hereafter held, owned, or controlled by the Company, and to perfect such security interests, in each case pursuant to the terms and conditions of the DIP Agreement and other Financing Documents; and further

RESOLVED, that the form, terms and provisions of the DIP Term Sheet, and the performance by the Company and each Subsidiary of its obligations under the DIP Agreement and the other Financing Documents, to the extent not materially inconsistent with the DIP Term Sheet, are hereby in all respects approved, adopted, ratified, and confirmed; and further

RESOLVED, that until such time as the Restructuring Committee shall modify this grant of authority, the Authorized Officers be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company and without the joinder of any other person or entity, to negotiate, execute and deliver to the appropriate parties the DIP Agreement and the other Financing Documents, to the extent not materially inconsistent with the DIP Term Sheet, with such changes therein or additions thereto as the Authorized Officer executing the same shall approve, the execution and delivery of such agreements by such officer to be conclusive evidence of the approval of the Manager thereof and all matters relating thereto; and further

RESOLVED, that it is desirable and in the best interests of the Company and the interests of the Company's creditors, shareholders and employees, and other interested parties, that the Company enter into and perform its obligations under the DIP Agreement and the other Financing Documents to which it is a party and any documents or agreement contemplated thereby to the extent consistent with the terms of the DIP Term Sheet; and further

5

HOU:3551122.5

**Guaranty**

RESOLVED, that the Authorized Officers be, and hereby are, authorized, empowered and directed, for and on behalf of the Company, to (i) take any and all actions to prepare, negotiate and establish the form, terms and provisions of the Guaranty and (ii) perform (or cause to be performed) all of the obligations of the Company under such Guaranty.

**Plan Term Sheet**

WHEREAS the Company proposes to enter into a Plan Term Sheet (the "Term Sheet") by and among Miller, its Subsidiaries including the Company, Apollo Investment Corporation, as administrative agent, and the lender parties thereto to consummate a comprehensive restructuring transaction involving substantially all of Miller's and its Subsidiaries' assets, including the Company and its assets, through a plan of reorganization to be filed by Miller and its Subsidiaries including the Company.

NOW THEREFORE, BE IT RESOLVED, that the Term Sheet and all transactions contemplated thereby, are hereby in all respects approved, adopted, ratified and confirmed and that until such time as the Restructuring Committee shall modify this grant of authority, the Authorized Officers be, and hereby are, authorized and empowered, for and in the name of the Company and without joinder of any other person or entity, to effect the transactions contemplated by the Term Sheet and any transactions contemplated thereby, it being the understanding and intent of the Manager that the Restructuring Committee shall modify or rescind this grant in the event a transaction or different terms arise from the continued restructuring efforts or otherwise such that it would be in the best interests of the Company and its stakeholders to modify or abandon the plan of reorganization contemplated by the Term Sheet.

**Restructuring Committee**

WHEREAS, the Board of Directors of Miller Energy Resources, Inc., the sole member of Cook Inlet Energy, LLC, and indirect owner of 100% of the membership interests in the Company, has established a restructuring committee (the "Restructuring Committee") empowered to take any and all actions it deems necessary, appropriate and in the best interests of Miller in connection with the Chapter 11 Case, the Term Sheet, the DIP Term Sheet and the DIP Agreement ("Restructuring Issues"), including but not limited to sales of assets and matters related to alternatives to the plan of reorganization contemplated by the Term Sheet;

6

NOW THEREFORE, BE IT RESOLVED, that the Company shall be bound by all the decisions and actions of the Restructuring Committee insofar as they relate to the Company, directly or indirectly, arising from or relating to any Restructuring Issues, with the decisions or actions of the Restructuring Committee having the same force and effect as a decision or action of Cook Inlet Energy, LLC and/or Miller directly.

**Miscellaneous**

RESOLVED, that the Authorized Officers, officers and employees of the Company be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company, to take or cause to be taken any and all such incidental actions, make such filings or execute and deliver any and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements and other documents as such officers may deem necessary, appropriate or advisable to carry out the intent of the foregoing resolutions.

7